683 A.2d 581

RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF–AP-PELLANT, v. NEW JERSEY MANUFACTURERS INSUR-ANCE COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 8, 1996—Decided October 24, 1996.

Before Judges STERN, HUMPHREYS and WECKER.[1]

*Susan L. Moreinis* argued the cause for appellant (*Ms. Moreinis*, on the brief).

*Robert R. Nicodemo, III,* argued the cause for respondent (*Yampell & Nicodemo,* attorneys; *Richard V. Cosentino,* on the brief).

PER CURIAM.

Carmen Klass was eligible for no fault PIP benefits as an "eligible injured person" under New Jersey Manufacturers' (NJM) policy covering the car in which she was riding and the Rutgers Casualty (Rutgers) policy in which she was named insured. Rutgers appeals from the grant of summary judgment to NJM dismissing Rutgers' declaratory judgment action seeking equitable pro-rata contribution from NJM and requiring its participation in arbitration. Rutgers claims entitlement to such relief under *N.J.S.A.* 39:6A–11 (section 11) and argues that enactment of *N.J.S.A.* 39:6A–4.2 (section 4.2) has no effect on NJM's obligations under section 11.

NJM defends the summary judgment under *N.J.S.A.* 39:6A–4.2, contending that our opinion in *USF & G v. Industrial Indem. Co.,* 264 *N.J.Super.* 379, 624 *A.2d* 1014 (App.Div.1993), is distinguishable because the injured person there was not a named insured under either policy (whereas here she is a named insured under the Rutgers policy) and that, in any event, our approval in *USF & G* of *Cokenakes v. Ohio Casualty Ins. Co.,* 208 *N.J.Super.* 308, 313–14, 505 *A.2d* 243 (Law Div.1985), was erroneous as a matter of policy and legislative intent.

NJM contends that section 4.2 makes the named insured's carrier solely responsible unless the PIP benefits are exhausted;

---

[1] Judge Wecker did not participate in the argument, but with the consent of the parties has participated in the disposition of the appeal.

Rutgers argues that the section merely assures the obligation of the primary carrier to pay PIP benefits while the question of contribution is arbitrated. In *USF & G, supra,* 264 *N.J.Super.* at 382, 624 *A.*2d 1014, decided after the 1990 amendment to section 4.2, we held that a primary carrier may seek contribution under section 11 from "other available PIP coverage" and that the enactment of section 4.2 did not affect that obligation. We held that "the purpose of § 4.2 was to identify a source for the *immediate* payment of PIP benefits, thereby insulating covered persons from delays caused by squabbles between insurers." *Id.* at 384, 624 *A.*2d 1014. We adhere to that holding and conclude that *USF & G* governs even when the insured party is a named insured, notwithstanding that section 4.2 expressly provides that the PIP "coverage of the named insured shall be the primary coverage for the named insured. . . ." In these circumstances that carrier is "primary" but may nevertheless seek contribution under section 11 even though the PIP payments did not exceed the policy limits.

Reversed.